UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**TE TE Raj K. Patel**　　　9th Cir. Case No.　**23-16181**
Appellant(s),

v.

**Alphabet Inc. et al.**
Appellee(s).

**STATEMENT THAT APPEAL SHOULD GO FORWARD**
(attach additional sheets as necessary)

1. Date(s) of entry of judgment or order(s) you are challenging in this appeal:
9/13/2023
Dkt. 34

2. What claims did you raise to the court below?

Strict Liability, Products Liability, breach of warranty, breach of contract (highest type of law), fraud, and negligent breach of treaty; parasatic damages entwinment with cases against President Trump; matters of first impression, etc.

3. What do you think the court below did wrong? (You may, but need not, refer to cases and statutes.)

Patel might be a part of family/corporate/social governance per its induced stress. The court should have duly and fully performed its basic gatekeeping measures to ensure that TE,E Patel can bring this Fed. R. Civ. P. 3 civil action, per Dred Scott (partly superseded by the 14th Amendment) and § 1651. The same is true per the court's § 453 oath and the Privileges and/or Immunities Clause. The court did not uphold its contract-in-law (constitutionally prescribed) ministerial act/duty required.

The matter is of international importance and particular to Patel's injuries and identity. Alphabet Inc. was not joking or bluffing about Google Search: the matter does not muster either per its understandable generally written contract.

Dobbs v. Jackson Women's Health Org., 142 S. Ct. 2228, 2236 & 2238 (2022). Obergefell v. Hodges, 576 U.S. 644, 663 (2015).

Mandamus is also needed to effectuate Obergefell, 576 U.S. at 663 which has not been hold, even as dicta, it is direction, applicable to cis gender biological male/men under the Equal Protection Clauses and Substantive Due Process Clauses of the United States Constitution. U.S. const. amend. XIV & V. Convention on the Elimination of All Forms of Discrimination against Women, Arts. 2, 5, 7, 10, 13, & 15 (enforcement agreement in USA in 1980) (Due Process Cl.- Equality, U.S. const. amend. XIV, § 2). Int'l Covenant on Civ. & Pol. Rts. (effective in the USA as treaty in 1992). Int'l Convention on the Elimination of All Forms of Racial Discrimination, Pt. 1, Art. 1.1 (effective in the USA as treaty in 1992).

This court should remain a proponent of the United States Constitution its laws and treaties and promote anti- trust. U.S. const. art. VI, § 2.

    4. Why are these errors serious enough that this appeal should go forward?

This matter is of social importance to protected several social, political, and religious classes. It is of national importance. N.D. Cal. is a court of competent jurisdiction. 42 U.S.C. §§ 1981 & 2000bb et seq.

This is a matter of first impression. The 9th Circuit is a court of competent jurisdiction.

The district court maladministered justice. Reverse & Grant.

This matter is entwined with the President Trump cases that are on-going, per the sealed complaint: prejudice against the title "President" who is the Enforcer.

The law of the law merchant has been completely disregarded.

No exculpatory term or notice exists that Alphabet Inc. et al. did not breach warranty or the contract.

    5. Additional Information:

Patel is justified in bringing this claim because they arising from necessity (image/status) and self-defense (assault/fraud/breach of K).

See also Patel v. The United States, No. 23-16178 (9th Cir. 202_), Dkt. 15

If this is complaint is factually frivolous or unintelligible, then there should be inquires of each person's religious practice, political beliefs, or, mind me, sex practices.

This might be tied with Patel v. United States, No. 1:21-cv-1446-LAS (C.F.C. 202_)
The Bible would call Alphabet Inc. et al.'s behavior immoral, as would many other traditions, and our United States Constitution.

Dated: __10/11/2023__       Raj K. Patel
                                                      Print Name(s)

                                                     /s/ Raj K. Patel

                                                     Signature(s)

                                                     Appellant(s) in Pro Se