# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

T.E., T.E. MR. RAJ K. PATEL, Appellant,

vs.

ALPHABET, INC., ET AL., Appellees.

9th Cir. Case No. 23-16181

District Court or
BAP Case No. 5:23-cv-03647-BLF

### APPELLANT RAJ K. PATEL'S
### AMENDED SUBSTITUTE INFORMAL OPENING BRIEF

*(attach additional sheets as necessary, up to a total of 50 pages including this form)*

**JURISDICTION.** This information helps the court determine if it can review your case.

1. Timeliness of Appeal:

    a. What is the date of the judgment or order that you want this court to review? 9/13/2023

    b. Did you file any motion, other than for fees and costs, after the judgment was entered? Answer yes or no: No

        • If you did, on what date did you file the motion? _____

        • For prisoners or detainees, what date did you give the motion to prison authorities for mailing? _____

        • What date did the district court or bankruptcy appellate panel (BAP) decide the motion that you filed after judgment? _____

    c. What date did you file your notice of appeal? 9/13/2023

• For prisoners or detainees, what date did you give your notice of appeal to prison authorities for mailing? _____

**FACTS.** Include all facts that the court needs to know to decide your case.

2. What are the facts of your case?

    Patel and Google LLC entered into a contract. Patel believes that the contract and the facts of the case contain trade secrets, medical privacy, and other information that will be prejudicial to Patel, and will be a vehicle for inappropriate use.[1] This all constitutes a compelling interest mandating the Northern District of California to seal the complaint or allow for a redacted version only.

    In addition to Patel's corporate information that is a trade secret, the lesser standard of good cause exists to file the accompanying facts and documents because they will also be a vehicle for inappropriate use against Patel's trade and social corporate information that he has promoted and is a *de facto* corporation. See In Re Patel, No. 23-113 (Fed. Cir. Apr. 25, 2023). The complaint also includes executive trade secrets and business tactics for Patel as a *de facto* benefit corporation too, and in his political and civic responsibilities, including how he built his constitution in aid of the United States Constitution.

    Patel is a former Town Official subject to retaining his own executive privilege under U.S. const. art. IV, § 2 & Federalist No. 42 & 80. Brownsburg C. § 130.04.

    International Covenant on Civil and Political Rights (effective 1992) mandates this court to seal the docket on Patel's state, political and legal privileges and 5th and 14th Amendment Due Processes, and the same covenant is valid under Sections 1-2 of Article VI because Patel is a prior engagement and of social/political/royal origin which are protected classes. Ware v. Hylton, 3 U.S.

---

1. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 104-105 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain...proscribed by the Eighth Amendment," and this includes "indifference...manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed" (footnotes and internal quotation marks omitted) (as applied to governmental boxes)).

199 (1796). Poindexter v. Greenhow, 114 U.S. 270, 290 (1884). U.S. amend. XIV, § 1.

The United States Constitution comes with the covenant of good faith and fair dealing and demands that these ministerial duties effectuate and restore Patel's Constitutional privileges and immunities and disturbed the appropriate Constitutional re-construction and re-structuring power. Black L. Dictionary (11th ed. 2019) (*n*. "good"). Common R., 45 C.F.R. 46, subpt. A. For instance, ¶ 617 should also be sealed for good cause and prevent inappropriate use.

Further, this case-at-hand is not likely to be of public importance or legally salient for any other purposes, including of the bar and the guild, because it is likely to be evolutionary precedent.

**PROCEEDINGS BEFORE THE DISTRICT COURT OR THE BAP.** In this section, we ask you about what happened before you filed your notice of appeal with this court.

3. What did you ask the district court or the BAP to do—for example, did you ask the court to award money damages, issue an injunction, or provide some other type of relief?

    I asked that the Fourth Amended Complaint and previous complaints be filed under seal permanently or a redacted complaint. This way, only Patel and the appearing attorneys will have access to the documents. Black L. Dictionary (11th ed. 2019) (*n*. "good"). Common R., 45 C.F.R. 46, subpt. A. For instance, ¶ 617 should also be sealed for good cause and prevent inappropriate use.

    Dkt. 31 at 2 (Rieckborn v. Velti PLC, 2014 WL 4964313 * 1 (N.D. Cal. Oct. 3, 2014)).

4. What legal claim or claims did you raise in the district court or at the BAP?

    Motion to file complaint under seal.

5.   **Exhaustion of Administrative Remedies.** For prisoners, did you use up all administrative remedies for each claim before you filed your complaint in the district court? If you did not, please tell us why.

**PROCEEDINGS BEFORE THE COURT OF APPEALS.** In this section, we ask you about issues related to this case before the court of appeals and any previous cases you have had in this court.

6.   What issues are you asking the court to review in this case? What do you think the district court or the BAP did wrong?

   The court GRANTED in part and DENIED in part the motion to file under seal under Dkt. 31.

   The court should have granted the Motion to File Under Seal and the redacted complaint. For instance, Patel's own charts are his own creation and subject to corporate trade secret, including for his own purpose for business.

   The Constitution does not expressly define a President's right to confidential communications. The executive privilege "derives from the supremacy of the Executive Branch within its assigned area of constitutional responsibility."...Indeed, as far back as George Washington's presidency, it has been established that Presidents may "exercise a discretion" over disclosures to Congress, "communicat[ing] such papers as the public good would permit" and "refus[ing]" the rest...The notion of executive privilege is "inextricably rooted in the separation of powers under the Constitution," and is meant to protect the President's ability to have full and unfettered discussions with advisors, liberated by the veil of confidentiality. United States v. Nixon, 418 U.S. 683, 708, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). The privilege "belongs to the Government and must be asserted by it: it can neither be claimed nor waived by a private party." United States v. Reynolds, 345 U.S. 1, 7, 73 S.Ct. 528, 97 L.Ed. 727 (1953)....Presidential conversations are presumptively privileged, but the privilege is not absolute. Nixon v. GSA, 433 U.S. at 447, 97 S.Ct. 2777. It exists for the benefit of the Republic, not any individual, and accordingly, the presumption can be overcome by an appropriate showing of public need by the judicial or legislative branch. Trump v. Thompson, 573 F. Supp. 3d 1, 14 (D.D.C.), aff'd, 20 F.4th 10 (D.C. Cir. 2021), cert. denied, 142 S. Ct. 1350 (2022).

"Deliberative-process privilege may be asserted by various executive officials, while only a governor may assert the gubernatorial-communications privilege." State ex rel. Dann v. Taft (Ohio 2006).

Patel's arguments have the presumption of validity until the opposing counsel can overcome Patel's argument, including of claiming executive privilege, and this policy of the United States Constitution. U.S. const. art. IV, § 2 & Nixon v. GSA, 433 U.S. at 447. There is no judicial need to have the complaint and other documents public.

The complaint should be sealed because Erickson v. Pardus, 551 U.S. 89, 94 (2007)'s rule and principle says that pro se complaints are presumed inartful pleaded and subject to liberal construction and "less stringent standards." Therefore, because of the inartful nature of Patel's pro se complaint, a compelling reason exists to seal the complaint and "good cause" exists to seal the periphery paragraphs since an expert is very likely to successfully fill in the blank by connecting information, including through identity politics, because they are "tangentially related to the merits" of the case. Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1097 (9th Cir. 2016).

The compelling reason rule and/or the good cause rule should be read underneath Erickson's principle for less stringent standards. And, the United States Constitution Due Process and Fed. R. Civ. P. 8(f) requires that "[pro se] shall be so construed as to do substantial justice."

Furthermore, the complaint, other cases, and most, if not all, of the parasitic injuries are premised solely on an information collection effort and complaints and other matters, including from Harvard University's its policy and enforcement. Ctr. for Auto Safety, 809 F.3d at 1096 (quoting United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995)). Rieckborn v. Velti PLC, 2014 WL 4964313 * 2 (N.D. Cal. Oct. 3, 2014) (collecting cases and noting that "courts in this District making sealing determinations treat a complaint as a dispositive motion."). Patel's own brain power is greater than all of Harvard and everyone else's, actually!! Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll., 143 S. Ct. 2141 (2023) showed that the racist church and the repugnant-White order discriminated against the best Indian-American in an attempt to try keep the White race superior, dominate in power, and intellectual authority which is against all not-Whites and Black-slavers.

The United States Constitution and its laws and higher law of treaties, which all have a presumption of constitutionality, should remain the most hegemon in the United States, especially for particularized matters, as a matter of law and policy under finite resources and military resources and other resources permitted by The Tucker Act and inherent state powers of the President of the United States. U.S. const. art. IV, §§ 1-2. The United States Constitution demands that each actor and player be faithful and loyal to It through T.E.,.E. Patel and powers and entities T.E. jointly create. T.E. is a sovereign executive title. Therefore, the complaint should be resolved.

Nevertheless, District Judge Freeman's Harvard-sponsored religion is not a supportive reason not to grant sealing the complaint; in fact, Judge Freeman's religion can muster a compelling reason or good cause. And, all stuff requested to be filed under seal is truly personal and not for long-arm relationships or "objective"; so, Due good cause exists for personal politics, including support from 42 U.S.C. §§ 1981-2. Black L. Dictionary (11th ed. 2019) (*n*. "good").

Also, the complaint is entwined with Patel's childhood and explicit sexual matters as a minor as solo porno/sex tape. The whole complaint should be sealed. Compelling reason exists to seal the case.

Further, this case-at-hand is a rudimentary proceeding and not likely to be legally publicly important or legally salient for any purpose, except that it is entwined with policy under security clearance, and this court's bar and the guild have no need for the holding or opinion on this case, as it relies on age old precedent. Therefore, the risks of a pro se litigant's filing under liberal construction and less stringent standards, give the court a compelling reason to seal the complaint.

**Pundits and newspapers have put Patel and his kin, who are religious minorities, on aware for expected particularized harm, from within or foreign socialist empires, for being religious minorities (descendants of a Hindu God), and an United States Congressional resolution speaks out against religious persecution in the Republic of India and it that creates a ministerial duty for the Executive and States to check, investigate, mitigate, and absolves damages within our own polity for the like purpose regardless of method and construct. Defendants, governmental actors and quasi-governmental actors, had a duty to take this Congressional matter appertaining to religion, religious minorities, and genocide seriously. Nevertheless, as T.E.,E. Patel is a Basis Official of the United States and**

**maintains his natural-born citizenship, this court owes Patel a regular duty to issue an opinion absolving Patel's perils, and effectuating the ministerial duty.**

For the reasons stated in Docket 23, and, here, the Ninth Circuit should reverse in part and remand.

7. Did you present all issues listed in Question 6 to the district court or the BAP? Answer yes or no: Yes

    If not, why not?

8. What law supports these issues on appeal? (You may refer to cases and statutes, but you are not required to do so.)

    Dkt. 23-25 filings
    Dkt. 31 filings
    Executive Privilege
    U.S. const. art. IV, § 2 & amend. XIV, § 2
    U.S. const. art. VI, § 1
    Federalist No. 42 & 80
    Brownsburg C. § 130.04
    Poindexter v. Greenhow, 114 U.S. 270, 290 (1884)

9. **Other Pending Cases.** Do you have any other cases pending in the court of appeals? If so, give the name and docket number of each case.

    Raj Patel v. United States, No. 1:23-cv-00318-DKW-KJM (D. Haw. 202_), pending appeal, No. 23-16178 (9th Cir. 202_).

    Raj Patel v. United States, No. 2:23-cv-06281-CBM-SK (C.D. Cal. 202_), pending appeal, No. 23-55768 (9th Cir. 202_).

10. **Previous Cases.** Have you filed any previous cases that the court of appeals has decided? If so, give the name and docket number of each case.

**Raj K. Patel** /s/ **Raj K. Patel**
Name Signature

9th Cir. Case No. <u>23-16181</u>     Page 8

6850 East 21st Street
Indianapolis, IN 46219

_____     10/21/2023
Address     Date